(71 South. 893)

No. 20502.

## TRAHAN v. BENOIT.

(May 9, 1916. Rehearing Denied June 5, 1916.)

*(Syllabus by the Court.)*

ASSAULT AND BATTERY ⬡=38—CIVIL ACTION—LIABILITY FOR DAMAGES—INJURIES TO FEELINGS.

Where a stronger man, without sufficient provocation, assaults a weaker one, though the latter may sustain no serious physical injury, damages will be awarded for the injury to his feelings, and, by way of discouraging his assailant, and others, from so readily and unlawfully availing themselves of the accident of superior strength.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 53; Dec. Dig. ⬡=38.]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Paul Trahan against Alcide Benoit. From judgment for defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Shelby Taylor, of Crowley, and R. J. Labauve, of Abbeville, for appellant. Percy T. Ogden, of Crowley, for appellee.

### Statement of the Case.

MONROE, C. J. Plaintiff sues for damages, actual and punitory, for personal injury alleged to have been sustained at the hands of defendant.

It appears that enmity had existed between the two men for many years; that they were both past 60 years of age; that plaintiff weighed about 118 pounds, and was not robust; that defendant weighed about 200 pounds and was strong and active; that plaintiff was standing upon the gallery of a country store talking to an acquaintance when defendant, coming to the store, encountered and assaulted him, knocking him down. Two witnesses who were present testify that the assault was without apparent provoca-

tion, and that plaintiff was struck a second blow as he was rising, and plaintiff testified to the same effect. Defendant testified that, when he came upon the gallery, plaintiff, who had been drinking, walked around him several times, making demonstrations with his arms, and finally "struck" him "with his foot," and that he thereupon knocked him down, but did not strike him a second time. It was shown that plaintiff was in the habit of drinking, and the effort was made to show that, when so doing, he was dangerous, or quarrelsome, and that he had been drinking on the day of the difficulty, but his admission that he had taken one drink was as far as the proof went in that direction. We therefore find that defendant was at fault in the matter of the assault.

Plaintiff proved the loss of the sight of his left eye and attempted to prove that it was caused by the blow which he received from defendant. Six unimpeached, and apparently disinterested, witnesses testified that he had told them, at different times during the preceding six or seven years, that he had then suffered that loss. Several of the members of his family testified that both of his eyes were good before the affray, and other witnesses, called by him, testified that they had never heard him complain in that respect. The affair with defendant occurred on March 7, 1912; on the following day plaintiff took his son to the office of his family physician for examination or treatment, but did not, at that time, make any complaint on his own account. On the next day he called again and complained of his eye. The physician found that the face about the eye was bruised, and that the eye itself appeared abnormal, but, not being a specialist, he considered the matter beyond his skill, and merely gave a tentative and inoccuous prescription, with the advice that plaintiff call upon one or the other of two occulists or physicians who made the eye more of a specialty, and

whom he named. The call thus suggested was not made until within two weeks before the case was tried, and more than twenty-two months after plaintiff was advised to make it.

The expert who was called upon testified that the vision of the left eye was limited to light perception, resulting from dislocation of the lens, and that the eye was useless and would always be so; that the defect might have existed for five or six years and might have resulted from either of several causes, among which he mentioned a severe blow, but was unable to determine whether that or one of the other causes produced the result. Our conclusion is that the defect was of long standing and was not attributable to the blow received from defendant. It is not suggested that plaintiff received any other physical injury at the hands of defendant.

### Opinion.

The judge a quo, after hearing the two dozen or more witnesses who testified in the case, and with whom he was probably acquainted, rejected plaintiff's demands, but, whilst we hold his findings in high respect, we are unable to concur in that conclusion. Conceding that plaintiff has attempted to make more out of the case than the circumstances warrant, the facts remain: That defendant was a much more powerful man than plaintiff; that he admitted that he knocked plaintiff down; and that two (of three) persons who happened to be present testified that the assault was without provocation and that defendant struck plaintiff a second time as he was rising. Beyond that, there was another person present (one Jean Royer) to whom plaintiff, according to his testimony, was talking, when defendant, without warning, struck him from behind. Defendant, on the other hand, says in his testimony:

"I left my house for Morse to get medicine for one of my children who was dying, and, when

I got about an acre, or an acre and a half, from the store of Jules Mauboules, I saw Paul Trahan on the gallery. I stopped at the edge of the gallery to go and get my medicine and I had to pass there over a ditch to get on the gallery, and when I got on the gallery he came and put himself right in my passage, where I had to pass, and he had both hands on his hips. I got on the plank and then got on the gallery, and Jean Royer just called to me and then I stopped. I left Paul Trahan at my back, and old man Jean Royer asked me if I didn't have any sorghum seed to let him have, and I told him I had some little, and then I heard Paul Trahan advancing to me, walking, and he passed by my right, and when he got ahead he walked around and passed on the other side. I was standing then as I am standing now (witness illustrates), talking with old man Jean Royer, and the fourth time he came around he struck me with his foot, and at the same time made a motion as if sparring, and then I struck him a lick and knocked him down," etc.

Jean Royer was not called as a witness, and we find no explanation of defendant's failure to call him. The only other witnesses to the fact were called by plaintiff and testified as we have stated; and it is to be remembered that it was not left to him to select them, but that they were called because they happened to have been present and to have seen what occurred. Again, it appears that defendant was taken before the Mayor upon a charge of fighting, that he pleaded guilty, was fined and paid his fine, and that no charge was brought against plaintiff.

We are therefore of opinion that, although plaintiff sustained no physical injury, he should be awarded damages for the injury to his feelings, and by way of discouraging defendant, and others, from so readily and unlawfully availing themselves of the acciden of superior strength. It is therefore ordered that the judgment appealed from be annulled, and that there now be judgment for Paul Trahan, plaintiff herein, and against Alcide Benoit, defendant, in the sum of $500, with legal interest from the date upon which judgment shall become final, together with the costs in both courts.

O'NIELL, J., considers the amount of the judgment excessive.